## 65667. DAMIL, INC. et al. v. FIRST NATIONAL BANK OF DALTON.

QUILLIAN, Presiding Judge.

This is an appeal by a grantor of a deed to secure debt from an order that the land be resold when the court refused to confirm a sale under power.

Appellant Damil, Inc., was the debtor, and appellant Chester was a guarantor of the debt and a grantor of a deed to secure the debt to appellee bank on several parcels of land owned by Chester and another. When the debt went into default appellee advertised two tracts of land in Dalton covered by the deed to be sold under power of sale. Tract 2 was rectangular with a restaurant located on it and tract 1 was an "L" shaped adjoining parcel used as additional parking for the restaurant. Appellee's security deed on tract 2 was inferior to a security deed held by Calhoun Federal Savings and Loan who was also selling tract 2 under its power of sale. Apparently to protect its interest in tract 2, appellee bought tract 2 at Calhoun Federal's sale under power. Appellee then bought tract 1 at its own sale under power for $10,000, apparently based on its own appraiser's valuation. After a hearing to confirm appellee's sale of tract 1, the trial court refused to confirm the sale because of inadequacy of price and ordered the tract to be resold. Appeal is taken only from that portion of the order directing that the land be resold. *Held:*

Appellants contend that the order to resell was error because there was no evidence showing good cause for the resale as required by OCGA § 44-14-161 (Code Ann. § 67-1505), and makes other equitable arguments.

We find no merit in appellant's contentions as the law is that a failure to sell for the true market value is good cause to order a resale.

"The trial court found as a fact that plaintiff had not proved by a preponderance of the evidence that it sold the property for its fair market value; but that plaintiff had acted in good faith by having the property appraised before the sale; and concluded that while confirmation should be denied, a resale was authorized. It is contended that these findings of fact and conclusions of law are insufficient to authorize a resale as 'good cause' was not shown. Code Ann. § 67-1505 (OCGA § 44-14-161) provides in part 'The court may, for good cause shown, order a resale of the property.' The statute plainly grants a trial court the discretionary power to order a resale. We construed the above statute in *Davie v. Sheffield* [123 Ga. App. 228 (180 SE2d 263)], to mean that where there is a 'failure to sell for its true market value, the court may order a resale.' " *Adams v. Gwinnett Commercial Bank,* 140 Ga. App. 233 (3), 234 (230 SE2d

324), affirmed, 238 Ga. 722 (235 SE2d 476).

" 'The confirmation of sale statute is designed to protect a debtor from a deficiency judgment when the involuntary sale brings less than the true market value. A failure to sell for the true market value constitutes good cause for ordering a resale. *Davie v. Sheffield,* 123 Ga. App. 228 [supra] . . .' *Adams v. Gwinnett Commercial Bank* 140 Ga. App. 233, 234 [supra:] . . .

"The trial court found that the property sold did not bring its true market value as of the date of the foreclosure sale. That in itself constituted good cause for ordering a resale. *Fleming v. Federal Land Bank,* 144 Ga. App. 371 [(241 SE2d 271)]." *Homes of Tomorrow v. Federal Deposit Ins. Corp.,* 149 Ga. App. 321, 323 (254 SE2d 475).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MARCH 8, 1983.

*Quinton S. King,* for appellants.
*C. Lee Daniel III, Carlton C. McCamy, Robert M. Brinson,* for appellee.