## A11A1480. McDOWELL et al. v. REGIONS BANK.
### (716 SE2d 638)

McFADDEN, Judge.

Dennis McDowell and Wyndham Gate, LLC appeal from a trial court order granting Regions Bank's petition for resale of foreclosed-upon property. Because the trial court did not abuse its discretion in ordering the resale, we affirm.

On October 6, 2010, Regions filed a report of foreclosure sale in the Superior Court of Coweta County. The report noted that McDowell and guarantor Wyndham Gate had defaulted on the repayment of various loan obligations secured by certain real property; that Regions had conducted a foreclosure sale as to that property; and that Regions was the highest bidder at the sale, with a bid amount of $451,006.92. Rather than seeking confirmation of the sale, Regions requested a resale of the property on the basis that its "bid was inadvertently based on an appraisal that did not include all of the property foreclosed upon, and therefore fair market value was not obtained." After a hearing, the trial court granted the request for a resale, and this appeal followed.

OCGA § 44-14-161 (c) provides that a trial court passing upon the regularity of a foreclosure sale "may order a resale of the property for good cause shown." This Code section gives the trial court broad discretion to grant or deny a resale and, on appeal, we will "not disturb that exercise of discretion unless it is clearly,

---

[3] *Miranda v. Arizona*, 384 U. S. 436, 444 (86 SC 1602, 16 LE2d 694) (1966).

patently, and manifestly abused." *Resolution Trust Corp. v. Morrow Auto Center*, 216 Ga. App. 226, 229 (3) (454 SE2d 138) (1995). Here, the trial court found, and counsel for appellants acknowledged at the hearing, that there was no bad faith on the part of the bank. The trial court then concluded that good cause to order a resale had been shown to "let the property bring its true fair market value."

As this court has repeatedly held, "the law is that a failure to sell for the true market value is good cause to order a resale." *Damil, Inc. v. First Nat. Bank of Dalton*, 165 Ga. App. 678 (302 SE2d 600) (1983). See also *Davie v. Sheffield*, 123 Ga. App. 228, 230 (180 SE2d 263) (1971) (where there is failure to sell for true market value, the court may order a resale). Because the record plainly shows that Regions did not act in bad faith and that the property failed to sell for its true market value, the trial court did not abuse its discretion in ordering a resale. See *Adams v. Gwinnett Commercial Bank*, 140 Ga. App. 233, 234-235 (3) (230 SE2d 324) (1976).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 7, 2011.

*Smith Conerly, Joseph N. Smith, Charles S. Conerly, Randall C. Parian*, for appellants.
*Greenberg Traurig, Sean A. Gordon*, for appellee.

