A11A2128. THE VILLAGE AT LAKE LANIER, LLC et al.
v. STATE BANK AND TRUST COMPANY.
(724 SE2d 806)

MIKELL, Presiding Judge.

Following a hearing, the trial court denied confirmation of the nonjudicial foreclosure sale of commercial property in Hall County,

---

finding that State Bank and Trust Company (State Bank)[1] had not shown by a preponderance of the evidence that it sold the property at true market value. The trial court, however, found that State Bank had met its burden of showing good cause, and ordered a resale. The Village at Lake Lanier, LLC (Village) appeals from a September 30, 2010, order denying its *Daubert*[2] motion to exclude the testimony of State Bank's expert witness and denying its request for a *Daubert* hearing to determine that expert's competency. Village also appeals from an April 5, 2011, decision ordering a resale of the property. For the following reasons, we affirm.

In 2008, Village entered into a modification of its deed to secure debt on a commercial property near Lake Lanier, signing a promissory note for $2.72 million. The loan went into default in 2009, and about a year later, with more than $2 million owing, State Bank hired a third party, Valuation Management Group (VMG), to obtain an appraiser for the property. VMG hired Martinn Winters. Winters appraised the property at $850,000, and State Bank used that appraisal as the basis for its purchase of the property, as sole bidder, at a May 4, 2010, foreclosure sale for $880,000, adding the extra amount to cover ancillary costs such as attorney fees.

Following the trial court's denial, after a hearing, of Village's motion to exclude the testimony of State Bank's expert witness, Winters, and the court's denial of Village's *Daubert* motion seeking a separate hearing to determine Winters's competence, the instant case came before the trial court for a confirmation hearing on November 11 and 22, 2010. The court found that State Bank had not shown by a preponderance of the evidence that it had sold the property for fair market value; however, after consideration of briefs by the parties, the court found that State Bank could resell the property.

1. Village argues, in two related enumerations, that the trial court erred in ordering a resale of the subject property pursuant to OCGA § 44-14-161, and asserts that the court applied the wrong standard when it found State Bank met its burden of showing good cause sufficient to support a resale.

We have held that OCGA § 44-14-161 (c) provides the court with broad discretion to grant or deny a resale. State Bank's contention that the "any evidence" standard of review applies here is incorrect. While that standard applies to appellate review of confirmation of

---

[1] State Bank is an assignee of the FDIC as the receiver for Buckhead Community Bank.

[2] *Daubert v. Merrell Dow Pharmaceuticals*, 509 U. S. 579 (113 SC 2786, 125 LE2d 469) (1993).

sale proceedings,[3] this court has found that in the context of the appeal of a resale following the denial of a confirmation or no confirmation at all, "we determine only whether that discretion was abused. Traditionally, where a trial court is vested by statute with broad discretion, appellate courts do not disturb that exercise of discretion unless it is clearly, patently, and manifestly abused."[4]

(a) Village, relying heavily on *Resolution Trust Corp.*,[5] argues that a mere failure to sell the property for fair market value is insufficient to *entitle* a creditor to a resale, does not indicate the creditor met its burden of showing good cause, and does not per se show good cause, especially where a party, as alleged here, relied on a flawed appraisal.

Pursuant to OCGA § 44-14-161 (c), "[t]he court may order a resale of the property for good cause shown." The statute does not define good cause. We have found that this statute "confers upon the trial court a legal discretion in determining whether to order a resale."[6] Contrary to Village's argument, there is no evidence before us indicating that the trial court did not base its order on its own discretion, or that it acted under any belief in a mandate to order a resale simply because the property failed to sell for fair market value. "Generally, a trial court will be presumed to have performed its duties."[7] This enumeration fails.

(b) Village further argues that the trial court "may have confused good cause with good faith," thereby applying the wrong standard under OCGA § 44-14-161 and impermissibly shifting the burden to Village, in that using a good faith standard would equate to requiring evidence of bad faith or malfeasance.

The trial court's order amply demonstrates that it did not reach its decision via the erroneous standard Village postulates. The order, in pertinent part, says: "Focusing on the standard set forth in OCGA § 44-14-161 (c), of *'good cause,'* the Court finds the plaintiff acted in good faith by having the property appraised prior to the sale and that the failure to sell for fair market value was not brought about by any intentional act, and that they have shown *'good cause.'* "[8] We have found, in similar instances, that the trial court did not abuse its discretion in ordering a resale where a bank acted in good faith and

---

[3] *Wilson v. Prudential Indus. Properties*, 276 Ga. App. 180, 181 (1) (622 SE2d 890) (2005).

[4] *Resolution Trust Corp. v. Morrow Auto Center*, 216 Ga. App. 226, 229 (3) (454 SE2d 138) (1995); *McDowell v. Regions Bank*, 311 Ga. App. 600 (716 SE2d 638) (2011).

[5] *Resolution Trust Corp.*, supra at 228 (2).

[6] (Citation omitted.) Id. at 227 (2).

[7] (Footnote omitted.) *CSX Transp. v. McDowell*, 294 Ga. App. 871, 872-873 (1) (a) (670 SE2d 543) (2008).

[8] (Emphasis supplied.)

where the property failed to sell for its true market value.[9] The trial court did not abuse its discretion in ordering the resale, nor did it rely on an improper standard to do so.

2. Village enumerates as error the trial court's denial, after a hearing, of its *Daubert* motion to exclude Winters's expert testimony pursuant to OCGA § 24-9-67.1 (b), and the trial court's denial of its motion seeking a *Daubert* hearing to evaluate the expert witness's competence.

The trial court's decisions regarding the competence of expert witnesses are legal determinations and are reviewed under an abuse of discretion standard.[10]

(a) Village asserts error in the denial of its motion to exclude expert testimony, but although the record and the trial court's order indicate that the court, at Village's request, held a hearing on this motion on September 29, 2010, no transcript of the hearing appears in the record and nothing in the record indicates whether the hearing was taken down or transcribed. "Absent a record of the arguments made, the facts presented in support, and the basis for the trial court's ruling, we must assume that the evidence supported the ruling."[11] We affirm.

(b) Village additionally alleges that the trial court erred both in denying its motion for a hearing to evaluate the expert's competence, and in failing to apply the *Daubert* standard when it denied that motion in that the court reasoned that Village's counsel could address any concerns on cross-examination. As an initial matter, we note that no motion seeking such a hearing appears in the record before us, nor does counsel to Village provide an applicable record cite.

OCGA § 24-9-67.1 (d) provides that "[u]pon motion of a party, the court *may* hold a pretrial hearing to determine whether the witness qualifies as an expert and whether the expert's testimony satisfies the requirements of subsections (a) and (b) of this Code section."[12] After hearing arguments of counsel, the transcription of which is not included in the record as noted in Division 2 (a), above,

---

[9] *Regions Bank*, supra. Accord *Adams v. Gwinnett Commercial Bank*, 140 Ga. App. 233, 234 (3) (230 SE2d 324) (1976); *Damil, Inc. v. First Nat. Bank of Dalton*, 165 Ga. App. 678 (302 SE2d 600) (1983).

[10] *McGuire Holdings, LLLP v. TSQ Partners, LLC*, 290 Ga. App. 595, 598 (1) (b) (660 SE2d 397) (2008).

[11] (Citation omitted.) *Harper v. Barge Air Conditioning*, 300 Ga. App. 901, 906 (686 SE2d 668) (2009). Accord *Wheeling-Culligan v. Allen*, 243 Ga. App. 776, 777 (533 SE2d 797) (2000) (The burden is on the party asserting error to show it affirmatively by the record, and where proof needed for determination of those issues on appeal is absent, an appellate court must assume the judgment below is correct and affirm.).

[12] (Emphasis supplied.)

502

the trial court determined that a *Daubert* hearing was not necessary to determine the competence of expert witness Winters. Village alleges that the trial court misapplied the *Daubert* standard in denying the hearing and in reasoning that appellant's counsel could raise issues of concern on cross-examination. We have held that "[d]isputes as to an expert's credentials are properly explored through cross-examination at trial and go to the weight and credibility of the testimony, not its admissibility."[13] Further, in contravention of Village's allegations, the trial court did not sidestep its role as gatekeeper in so deciding, in that specific findings of fact are not required in rendering such a decision.[14] An appellate court generally presumes that a trial court has performed its duties in accordance with law.[15] Finally, as no transcript of the hearing at which the trial court apparently gathered the information upon which to base its denial of the motion for a separate hearing on expert competence is in the record before us, we will assume the evidence supported the trial court's decision.[16] The trial court did not err in applying the *Daubert* standard, nor did it abuse its discretion in denying the motion for a *Daubert* hearing or in allowing the expert to testify at the confirmation hearing.

*Judgment affirmed. Dillard and Boggs, JJ., concur.*

DECIDED MARCH 1, 2012.

*Anderson, Tate & Carr, Jason W. Blanchard, Robert M. Reeves*, for appellants.
*Siegel & Golder, Mark L. Golder, Lynn L. Carroll*, for appellee.

---

[13] (Footnote omitted.) *Savannah Cemetery Group v. DePue-Wilbert Vault Co.*, 307 Ga. App. 206, 211 (3) (704 SE2d 858) (2010); accord *Cotten v. Phillips*, 280 Ga. App. 280, 286 (633 SE2d 655) (2006) (Under *Daubert*, disputes as to expert's credentials are properly explored through cross-examination at trial.).

[14] *CSX Transp.*, supra at 872-873 (1) (a).

[15] Id. at 872 (1) (a). See *Byelick v. Michel Herbelin USA, Inc.*, 275 Ga. 505, 507 (3) (570 SE2d 307) (2002) (Appellate court presumes that trial court performed its official duties in accordance with the law.).

[16] *Harper*, supra.