**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 25, 2012**

# In the Court of Appeals of Georgia

A12A0601. LEWIS v. LEWIS.

BLACKWELL, Judge.

Bethany Lewis appeals from the dismissal of her petition under the Family Violence Act, OCGA § 19-13-1 et seq., in which she sought a protective order against Willie M. Lewis, Jr., her estranged husband. We conclude that the court below erred when it found that, to obtain such a protective order, Bethany was absolutely required as a matter of law to show that her husband had committed a "reasonably recent" act of family violence against her. Accordingly, we vacate the dismissal of her petition and remand for further proceedings consistent with this opinion.

The undisputed evidence[1] shows that Willie and Bethany were married in March 2007, and their marriage soon became marked by harassment, threats, and violence, directed by Willie toward Bethany. They separated in July 2010, following an incident in which Willie attacked and choked Bethany and threatened to kill her. At that time, Bethany moved to a new residence, the location of which she attempted to keep from Willie. Nevertheless, Willie eventually located the new residence, and on more than one occasion, he appeared at the residence unannounced and proceeded to harass and threaten Bethany. In October 2010, Willie appeared at the residence, where Bethany was in the driveway, putting their four young children into her car. After assaulting Bethany, Willie drove off with her car and the children, leaving Bethany with an injured arm and a cut on her abdomen. Bethany then took out a warrant for his arrest. In the aftermath of this incident, Willie agreed to stay away from her residence and refrain from contacting her except with respect to visitation with their children, and he moved to another state.[2]

---

[1] Although Willie was present at the hearing on the petition, Bethany was the only witness to testify at that hearing. The trial judge commented at the hearing that Bethany was "extremely credible," so we accept the truth of her testimony for the purposes of this appeal.

[2] It appears that Willie mostly abided by this agreement for a time. Bethany did testify, however, that on one occasion in early 2011, while Willie was still living

Willie moved back to Georgia in or around March 2011, at which time Bethany moved to another residence and again attempted to keep her address from Willie. On July 18, however, Willie came to Bethany's new home, enraged because he had been served with a lawsuit for child support. Bethany testified that, based on her past experience with Willie, she feared that he was about to become physically violent toward her, mostly "because of the look on his face and his demeanor." She further explained that, based on comments Willie had made to her about his child support payments to another woman with whom he had fathered a child, Bethany believed that Willie would attack her physically if and when he was ordered to pay child support. On July 20, therefore, Bethany applied for and obtained an ex parte temporary protective order under OCGA § 19-13-3 (b). A few days later, the court below convened a hearing to consider whether the order should be extended for 12 months. At the conclusion of that hearing, the judge stated that, although she found

outside of Georgia, Bethany met him with one of their children at a local restaurant. According to Bethany, Willie became enraged when he saw a picture on her cell phone, which depicted a man whom Willie erroneously believed was her boyfriend. Willie became so loud and verbally abusive during the incident that Bethany left the restaurant with her son, fearing that the situation was about to escalate into physical violence. Bethany explained her fear at the hearing below, stating that "just considering the fact that I know him and his history and I know the looks on his face or the – his demeanor. . . . And I know when I feel threatened. And I felt threatened at that time."

Bethany's testimony regarding Willie's history of violence "extremely credible," the judge nevertheless was constrained to dismiss the petition for a protective order because Bethany had failed to meet her statutory burden of proof. Specifically, the judge noted that Bethany could not show a "reasonably recent" incidence of family violence, inasmuch as Willie's most recent physical assault against her had occurred almost a year earlier. Bethany then filed an application for discretionary appeal, which this Court granted, and this appeal followed.

The grant or denial of a motion for a protective order lies within the sound discretion of the trial court, and its decision on such a motion will not be reversed absent an abuse of that discretion. *Pilcher v. Stribling*, 282 Ga. 166, 167 (647 SE2d 8) (2007). An abuse of discretion occurs where a ruling "is unsupported by any evidence of record or where that ruling misstates or misapplies the relevant law." *Mathis v. BellSouth Telecommunications*, 301 Ga. App. 881, 881 (690 SE2d 210) (2010). See also *Watson v. Alberton-Elbert County Hosp. Auth.*, 229 Ga. 26, 27 (1) (189 SE2d 66) (1972) (a ruling of the trial court which is within the court's discretion will be reversed where it "is based upon an erroneous view of the law"). On appeal, Bethany asserts that the statute under which she sought a protective order, OCGA § 19-13-3, does not absolutely require her to show a "relatively recent" act of family

4

violence. Consequently, she argues, the court below abused its discretion when it found that her inability to show a "relatively recent" act of physical violence against her by Willie precluded her from satisfying the statutory requirements for a protective order. We agree.

> In pertinent part, OCGA § 19-13-3 provides as follows:

> (b) Upon the filing of a verified petition in which the petitioner alleges with specific facts that probable cause exists to establish that family violence *has occurred in the past and may occur in the future*, the court may order such temporary relief ex parte as it deems necessary to protect the petitioner or a minor of the household from violence. . . .

> (c) Within ten days of the filing of the petition under this article or as soon as practical thereafter, but in no case later than 30 days after the filing of the petition, a hearing shall be held at which the petitioner must prove the allegations of the petition by a preponderance of the evidence as in other civil cases. . . .

(Emphasis supplied.) The plain language of the statute requires that the petitioner allege and prove by a preponderance of the evidence that the person against whom the protective order is sought has engaged in family violence at some unspecified time in the past and that he may engage in such violence again at some unspecified time in the future. There simply is no requirement that any past act of family violence

5

alleged in the petition be "reasonably recent."[3] The recency of past violence may, of course, bear upon the likelihood of future violence, but a "reasonably recent" act of violence is not absolutely required. After all, there might be a good reason in some cases to believe that past violence, although fairly remote, is now likely to recur, such as, for instance, when someone has been gone far away for a long time but now has returned. Accordingly, by requiring Bethany to show a "reasonably recent" act of family violence by Willie, the court below abused its discretion. For these reasons, we vacate the order dismissing Bethany's petition for a protective order and remand the case for additional proceedings consistent with this opinion.

*Judgment vacated and case remanded. Mikell, P. J., and Miller, J., concur.*

---

[3] It appears that the court below found the "reasonably recent" requirement in a form order that then was used widely in Gwinnett County in cases involving OCGA § 19-13-3. The form, unlike the statute, purports to require the petitioner to show a "reasonably recent" act of family violence. The form also erroneously requires a petitioner to demonstrate a reasonable likelihood that an act of family violence "may occur in the *near* future." (Emphasis supplied.) As the above-quoted language shows, however, the statute only requires a showing that family violence has occurred in the past and than another act may occur "in the future." The language of a form adopted by a court, no matter how well-intentioned, cannot alter the substantive requirements of a statute enacted by the Georgia General Assembly with the approval of the Governor. See generally, *Six Flags Over Georgia II v. Kull*, 276 Ga. 210, 211 (576 SE2d 880) (2003) ("Where the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden.")

6