**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 2, 2013**

# In the Court of Appeals of Georgia

A13A0188. RES-GA LJY, LLC v. Y. D. I., INC. a/k/a YDI, INC. et al.

MCFADDEN, Judge.

RES-GA LJY, LLC (hereinafter, "RES-GA") appeals from the trial court's order denying a resale of real property under OCGA § 44-14-161 (c) after the trial court denied its petition to confirm a foreclosure sale on the property. Finding no abuse of discretion, we affirm.

RES-GA is an entity formed for the special purpose of taking title to specific property securing a loan that a related entity obtained in a bulk purchase of loans from the Federal Deposit Insurance Corporation. In that capacity, RES-GA was assigned a deed to secure debt executed by Y. D. I., Inc., a/k/a YDI, Inc. (hereinafter, "YDI") that secured an indebtedness of $6,000,000. When YDI defaulted on the

underlying debt, RES-GA foreclosed on the real property securing that debt and purchased the property at a foreclosure sale for $742,500. RES-GA then brought a complaint for confirmation of the sale against YDI and Jimmy York, who guarantied the debt.

The parties stipulated that the foreclosure sale was advertised and conducted properly. At the confirmation hearing, RES-GA presented testimony that, prior to the foreclosure sale, it had obtained an appraisal of the property's true market value at $600,000. The loan workout asset manager who made decisions about the foreclosure sale on RES-GA's behalf reviewed the appraisal, consulted with a team of former real estate developers and market specialists about it and, out of precaution, chose a bid price for the property that was higher than the appraisal. RES-GA presented evidence of a second appraisal of the property at $705,000 which it obtained after the foreclosure sale in preparation for the confirmation hearing. YDI presented evidence of two appraisals for the property – at $1,200,000 and $930,000 – that it also obtained after the foreclosure sale in preparation for the confirmation hearing.

The trial court found that RES-GA did not show that the property brought its true market value at the foreclosure sale, and the court declined to confirm the sale. See OCGA § 44-14-161 (b). In its order, the trial court identified problems in the

appraisals submitted by RES-GA. Specifically regarding the $600,000 appraisal, the trial court found that it "contained numerous errors" in its use of comparable sales. The trial court found that RES-GA

> apparently relied upon the opinion contained in the $600,000.00 appraisal in determining its bid price. However, a cursory review of that appraisal would have alerted [RES-GA] to the numerous errors contained therein. Having found that [RES-GA] did not show that the subject property brought its true market value . . . , [the court] finds that no good cause was shown by [RES-GA] to order a resale of the subject property.

See OCGA § 44-14-161 (c).

RES-GA moved the trial court to reconsider its ruling regarding a resale. After a hearing on the motion, the trial court issued an order denying reconsideration. Therein, the trial court stated that it did not find either of RES-GA's appraisals to be credible and that it found the $930,000 appraisal submitted by YDI to be "the most credible of the four." It further stated that its consideration regarding resale did not turn on whether RES-GA acted in bad faith or good faith, but it held that RES-GA did not "prove 'good cause' to the satisfaction of the [c]ourt" and expressly found "no good cause to grant a resale."

On appeal, RES-GA disagrees with but does not challenge the trial court's determination that the property was not sold for its true market value at the foreclosure sale. See generally *Statesboro Blues Dev. v. Farmers & Merchants Bank*, 301 Ga. App. 851, 853 (690 SE2d 205) (2010) (as trier of fact in confirmation proceeding, trial court is entitled to find one appraiser's testimony credible and to accept his opinion over that of another appraiser). It challenges only the ruling denying resale. OCGA § 44-14-161 (c) provides that, if a trial court denies confirmation of a foreclosure sale, it "may order a resale of the property for good cause shown." This confers upon the trial court broad legal discretion to grant or deny a resale. See *Adams v. Gwinnett Commercial Bank*, 238 Ga. 722, 723 (235 SE2d 476) (1977) (construing prior version of the Code section); *Eagle GA I SPE v. Atreus Communities of Fairburn*, 319 Ga. App. 844, 848 (2) (738 SE2d 675) (2013); *The Village at Lake Lanier v. State Bank & Trust Co.*, 314 Ga. App. 498, 499 (1) (724 SE2d 806) (2012); *Resolution Trust Co. v. Morrow Auto Center*, 216 Ga. App. 226, 227 (2) (454 SE2d 138) (1995); *Govt. Nat. Mtg. Assn. v. Belue*, 201 Ga. App. 661, 662 (2) (411 SE2d 894) (1991). On appeal, "we determine only whether that discretion was abused. Traditionally, where a trial court is vested by statute with broad discretion, appellate courts do not disturb that exercise of discretion unless it

4

is clearly, patently, and manifestly abused." *The Village at Lake Lanier*, 314 Ga. App. at 500 (1) (citations and punctuation omitted). Accord *McDowell v. Regions Bank*, 311 Ga. App. 600, 600-601 (716 SE2d 638) (2011).

Although reviewing for abuse of discretion "is a deferential standard of review, it is not toothless." *Jones v. Brown*, 299 Ga. App. 418, 419 (683 SE2d 76) (2009) (citation & punctuation omitted). The abuse of discretion standard of review is "at least slightly less deferential than the 'any evidence' test." *Reed v. State*, 291 Ga. 10, 13 (3) (727 SE2d 112) (2012) (citations omitted). "An abuse of discretion occurs where a ruling is unsupported by any evidence of record or where that ruling misstates or misapplies the relevant law." *Lewis v. Lewis*, 316 Ga. App. 67, 68 (728 SE2d 741) (2012) (citations and punctuation omitted). In this case, RES-GA argues that the trial court abused its discretion in denying a resale because the evidence showed that the foreclosure sale price was based on RES-GA's good faith reliance upon an appraisal. While we are sympathetic to this argument, RES-GA has not shown either that the trial court's ruling was unsupported by any evidence of record or that its ruling misstated or misapplied the relevant law, and for that reason we cannot find that the trial court clearly, patently and manifestly abused its discretion.

First, RES-GA has not shown that the trial court's ruling was unsupported by any evidence of record. "[T]o reverse a trial judge exercising his legal discretion [regarding a resale] we would have to find as a matter of law that 'good cause' was shown." *Fed. Deposit Ins. Corp. v. Ivey-Matherly Const. Co.*, 144 Ga. App. 313, 317 (2) (241 SE2d 264) (1977) (construing prior statute). OCGA § 44-14-161 (c) does not define what constitutes "good cause." *The Village at Lake Lanier*, 314 Ga. App. at 500 (1) (a); *Resolution Trust Co.*, 216 Ga. App. at 228 (2). RES-GA correctly asserts that its good faith reliance on an appraisal in buying the property for less than its true market value could have authorized the trial court to find good cause for resale. See, e.g., *Adams*, 238 Ga. at 722-723 (trial court did not err in finding that creditor's act, in good faith, of having property appraised before sale authorized resale); *Greg A. Becker Enterprises v. Summit Investment Mgmt. Acquisition I*, 314 Ga. App. 721, 723-724 (1) (725 SE2d 841) (2012) (trial court did not abuse its discretion in finding good cause for resale where there had been no showing that creditor lacked good faith in conducting foreclosure proceedings and evidence supported finding that creditor did not intentionally bid less than property's true market value at foreclosure sale); *Gutherie v. Ford Equip. Leasing Co.*, 206 Ga. App. 258, 261 (2) (424 SE2d 889) (1992) (resale "would be authorized" under OCGA § 44-14-161 (c) where creditor

6

"did not prove that it sold the property for true market value but did obtain an appraisal (albeit a fatally flawed one) before the sale and did sell the property for an amount equal to that appraisal") (citations omitted); *Damil, Inc. v. First Nat. Bank of Dalton*, 165 Ga. App. 678 (302 SE2d 600) (1983) (affirming trial court's order granting resale on ground that "a failure to sell for the true market value is good cause to order a resale").

Nevertheless, facts that could authorize a finding of good cause for resale do not necessarily demand that the trial court make such a finding. *Fed. Deposit Ins. Corp.*, 144 Ga. App. at 317 (2). We discussed this distinction and the reasons for it at length in *Resolution Trust Co. v. Morrow Auto Center*, supra, 216 Ga. App. 226. Therein, we held that OCGA § 44-14-161 (c) does not entitle a creditor to resale for any reason and that the Code section's permissive language does not create an inference that resale is authorized as a matter of law if a creditor relies on a flawed appraisal. 216 Ga. App. at 227-228 (2). We explained that

> to hold that 'good cause' for resale is shown and a resale is demanded whenever a foreclosure sale fails to bring true market value . . . would obliterate the statute, would remove the trial court's discretion, and would encourage creditors to engage in any unfair practice at foreclosure sale, with the only penalty being a possible resale.

7

Id. at 227 (2). We further held that the trial court, in denying a resale, need not find "bad faith or negligence in the appraisal or sale," explaining that "[w]e have declined to set restrictions on the trial court's discretion in denying resale, for to set restrictions would require evidence of misfeasance, malfeasance or defect in the sale before a sale can be denied, which would put the burden of proof on the debtor." Id. at 228 (2) (emphasis omitted). Instead, the creditor bears the burden of showing good cause for resale. Id. at 227 (2). Accord *Dee Ranch Corp. v. Fed. Land Bank of Columbia*, 148 Ga. App. 734, 736 (2) (252 SE2d 662) (1979) (construing prior statute). We recently applied this holding and rationale to uphold a trial court's exercise of discretion in denying a resale in *Eagle GA I SPE v. Atreus Communities of Fairburn*, supra, 319 Ga. App. 844.

Applying to this case the holding and rationale expressed in *Eagle GA I SPE* and *Resolution Trust Co.*, the evidence that RES-GA acted in good faith in relying upon an appraisal to sell the property for less than its true market value at foreclosure did not compel the trial court to find good cause for resale. Moreover, in its order denying the resale, the trial court found that RES-GA should have detected the flaws in the appraisal upon which it relied. Although RES-GA disputes this finding, there was evidence from which the trial court could have found that the decision-maker for

8

RES-GA had the experience, sophistication and resources to detect the flaws. Under these circumstances, we cannot say that the trial court's ruling was unsupported by any evidence.

RES-GA also has not shown that the trial court misstated or misapplied the law relevant to whether to grant a resale. The transcript of the confirmation hearing shows that the trial court recognized the resale decision was a matter within its discretion. Compare *Walton v. Elberton-Elbert County Hosp. Auth.*, 229 Ga. 26, 27 (189 SE2d 66) (1972) (holding that trial court's ruling, ordinarily within its discretion, must be reversed where ruling shows trial court did not exercise its discretion but rendered judgment based on erroneous view of law that precluded exercise of discretion) with *The Village at Lake Lanier*, 314 Ga. App. at 500 (1) (a) (finding no abuse of discretion where there was no evidence that trial court failed to exercise discretion in ordering resale or that trial court acted under belief that it was required to direct resale simply because property did not sell for true market value). In its order denying resale, the trial court properly identified the dispositive issue to be whether RES-GA showed good cause for resale, and in both that order and on reconsideration the trial court determined that RES-GA did not meet its burden. As discussed above, the evidence did not compel a different conclusion.

9

RES-GA points to the following finding of fact in the trial court's order denying reconsideration: "The property was to secure a loan in the principal amount of $6,000,000.00. The property was appraised by [RES-GA] at the foreclosure sale at $600,000.00." The trial court drew no specific conclusions from this factual finding. RES-GA asserts that this factual finding was irrelevant and its inclusion in the order demands reversal. We cannot say, however, that this finding was so devoid of relevance to the good cause determination that its inclusion demonstrated that the trial court misapplied the law in denying a resale.

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*