**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**December 4, 2014**

# In the Court of Appeals of Georgia

A14A1905. SANUSI v. COMMUNITY & SOUTHERN BANK.          JE-096

ELLINGTON, Presiding Judge.

Community & Southern Bank auctioned David Sanusi's property at foreclosure and then initiated confirmation proceedings. After a hearing, the Superior Court of Douglas County determined that the bank failed to prove that the property brought its true market value at the foreclosure sale and denied the bank's application for confirmation. In a subsequent order, the court granted the bank's motion for permission to resell the property. Sanusi appeals, contending that the trial court lacked jurisdiction over the bank's motion to resell the property and that the trial court abused its discretion in finding "good cause" for a resale of the property. For the reasons explained below, we affirm.

1. Sanusi contends that the issue of resale is always before the court in a confirmation proceeding. He contends that the trial court's order denying the bank's application for confirmation of the foreclosure, which was entered on September 3, 2013, was a final order and that "the trial court had no authority to continue to issue rulings after a final order had been entered which concluded the proceedings." He contends that the bank's separate motion for resale, filed September 17, 2013, was "untimely."

By arguing that the issue of resale is always before the court in a confirmation proceeding[1] and that the September 3, 2013 order was a final order that disposed of all matters that were before the trial court, Sanusi implicitly posits that, although the September 3, 2013 order was silent on the issue of whether the bank had shown good cause for a resale,[2] the order effectively prohibited any resale. In that case, the bank's

---

[1] See *Nicholson Hills Dev. v. Branch Banking & Trust Co.*, 316 Ga. App 857, 861 (730 SE2d 572) (2012) ("The issue of resale is before the court in every confirmation proceeding, whether or not it has been specifically pled, but only so long as the debtor is afforded the opportunity to defend against a resale.") (citations and punctuation omitted). See footnote 4, infra.

[2] OCGA § 44-14-161 (c) (After a confirmation hearing, "[t]he court may order a resale of the property for good cause shown.").

motion for resale must be construed as a motion to modify that "final order" so as to permit a resale. It is well settled that

> [a] trial judge has the inherent power during the same term of court in which the judgment was rendered to revise, correct, revoke, modify or vacate the judgment, even upon his own motion. Moreover, this inherent power may be extended beyond the term in which a judgment was entered when a motion [to modify, revoke, or vacate the judgment] is filed within that same term of court.

(Citations and punctuation omitted.) *Todd v. Todd*, 287 Ga. 250, 253 (2) (703 SE2d 597) (2010). Because the bank filed its motion within the term of court that the order denying confirmation was entered,[3] the trial court was authorized to exercise its inherent power to modify the nonconfirmation order to address the issue of resale. Id.[4]

2. Sanusi contends that the stated basis for the resale order, which was that the bank "relied in good faith on a flawed appraisal," does not support the trial court's ruling because the appraisal was not flawed. This argument lacks merit.

---

[3] See OCGA § 15-6-3 (15.1) (Douglas County Superior Court terms of court commence on the second Monday in April and October).

[4] As the bank notes, a debtor is entitled to an opportunity to defend against a resale. See *Nicholson Hills Dev. v. Branch Banking & Trust Co.*, 316 Ga. App. at 861 (2). The record shows that Sanusi was afforded an opportunity to file pleadings in opposition to the bank's motion and to present evidence on the resale issue at a hearing.

The record shows that the bank bought the subject property at the foreclosure auction for $1.4 million. It based its bid on an appraisal authored by Jerry Smith. After receiving evidence at the confirmation hearing, which included the testimony of another appraiser who valued the property at $1,535,000, the trial court determined that the true value of the property was at least $1.5 million. The trial court noted that the two appraisers had differing opinions regarding whether and to what extent certain unfinished storage space contributed to the total value of the property.

Sanusi contends that Smith's appraisal was not "flawed" merely because of this difference in "opinion." As to value, however, the question in a confirmation proceeding is whether the foreclosure sale brought the fair market value of the property to be applied to the debt secured by the property. *Community & S. Bank v. DCB Investments*, _ Ga. App. _ (1) (760 SE2d 210) (2014).[5] Because the trial court found that Smith's appraisal undervalued the property, it did not err in characterizing the appraisal as "flawed."

------

[5] OCGA § 44-14-161 (b) (At a confirmation hearing, "[t]he court shall require evidence to show the true market value of the property sold under the powers and shall not confirm the sale unless it is satisfied that the property so sold brought its true market value on such foreclosure sale.").

3. Sanusi contends that the bank's good faith reliance on a flawed appraisal does not as a matter of law constitute "good cause" to order a resale under the applicable standard and that the trial court therefore erred in granting the bank's motion.

OCGA § 44-14-161 (c) "confers upon the trial court broad legal discretion to grant or deny a resale." (Citations omitted.) *RES-GA LJY, LLC v. Y. D. I., Inc.*, 322 Ga. App. 607, 609 (745 SE2d 820) (2013). We will not disturb a trial court's exercise of such discretion "unless it is clearly, patently, and manifestly abused. . . . An abuse of discretion occurs where a ruling is unsupported by any evidence of record or where that ruling misstates or misapplies the relevant law." (Citations and punctuation omitted.) Id. at 609.

"[T]here is no presumption in favor of resale and there is no entitlement to a resale[,]" either "for mere failure to show the sale brought true market value, for a mere 'flawed' appraisal, or for any reason." (Citations and punctuation omitted.) *Resolution Trust Corp. v. Morrow Auto Center*, 216 Ga. App. 226, 228 (2) (454 SE2d 138) (1995).[6] As we noted in that case, holding that a lender is entitled to a resale

---

[6] But see *Damil, Inc. v. First Nat. Bank of Dalton*, 165 Ga. App. 678 (302 SE2d 600) (1983) ("[T]he law is that a failure to sell for the true market value is good cause to order a resale."); *Homes of Tomorrow, Inc. v. Federal Deposit Ins. Corp.*, 149 Ga.

whenever confirmation is denied "would obliterate the statute, would remove the trial court's discretion, and would encourage creditors to engage in any unfair practice at foreclosure sale, with the only penalty being a possible resale." Id. at 227. Although a finding that, in buying property at foreclosure for less than its true market value, a buyer in good faith based its bid on an appraisal does not *mandate* resale, however, it can *authorize* a trial court to find good cause for resale. *Adams v. Gwinnett Commercial Bank*, 238 Ga. 722 (235 SE2d 476) (1977) (Where the trial court found that the creditor proved by a preponderance of the evidence that it had acted in good faith by having the property appraised before the foreclosure sale, the trial court did not abuse its discretion in ordering a resale.).[7]

---

App. 321, 322 (4) (254 SE2d 475) (1979) (The trial court's determination that the property "did not bring its true market value as of the date of the foreclosure sale . . . *in itself* constituted good cause for ordering a resale.") (citation omitted; emphasis supplied); *Adams v. Gwinnett Commercial Bank*, 140 Ga. App. 233, 234 (2) (230 SE2d 324) (1976) ("A failure to sell for the true market value constitutes good cause for ordering a resale.") (citation omitted), affirmed, 238 Ga. 722 (235 SE2d 476) (1977); *Davie v. Sheffield*, 123 Ga. App. 228, 229-230 (180 SE2d 263) (1971) (The reasons for which a court may order a resale include the failure of the sale to bring the property's true market value, illegality of the notice, illegality of the advertisement, and irregularity of the sale.).

[7] See also *Greg A. Becker Enterprises v. Summit Investment Mgmt. Acquisitions I,* 314 Ga. App. 721, 723-724 (1) (725 SE2d 841) (2012) (trial court did not abuse its discretion in finding good cause for resale where there had been no showing that creditor lacked good faith in conducting foreclosure proceedings and evidence

Nothing in the record in this case indicates that the trial court failed to exercise its discretion out of a belief that the bank was entitled to a resale *merely because* it had relied on a flawed appraisal. Rather, the trial court found that the bank relied on a flawed appraisal in good faith *and* that the bank had shown good cause for a resale. Sanusi does not contend that the bank engaged in any unfair practice in connection with the foreclosure sale, such that the trial court should have penalized it by denying a resale. Because Sanusi has not shown either that the trial court's ruling was unsupported by any evidence of record or that its ruling misstated or misapplied the

---

supported finding that creditor did not intentionally bid less than property's true market value at foreclosure sale); *The Village at Lake Lanier, LLC v. State Bank & Trust Co.*, 314 Ga. App. 498, 499-501 (1) (724 SE2d 806) (2012) (trial court did not abuse its discretion in finding good cause for resale where the evidence showed that the lender acted in good faith by having the property appraised prior to the sale and the failure to sell for fair market value was not brought about by any intentional act of the lender); *McDowell v. Regions Bank*, 311 Ga. App. 600, 601 (716 SE2d 638) (2011) (trial court did not abuse its discretion in finding good cause for resale where the record showed that the lender did not act in bad faith and that the property failed to sell for its true market value); *Gutherie v. Ford Equip. Leasing Co.*, 206 Ga. App. 258, 261 (2) (424 SE2d 889) (1992) (trial court did not abuse its discretion in finding good cause for resale where creditor proved that it obtained an appraisal, albeit a "fatally flawed" one, before the sale and sold the property for an amount equal to that appraisal); cf. *RES-GA LJY, LLC v. Y. D. I., Inc.*, 322 Ga. App. at 608-610 (trial court did not abuse its discretion in denying resale where creditor showed that it relied upon an appraisal to sell the property for less than its true market value but where trial court found that a cursory review of the appraisal would have alerted creditor to the numerous errors contained therein).

relevant law, we cannot find that the trial court clearly, patently and manifestly abused its discretion. *Greg A. Becker Enterprises v. Summit Investment Mgmt. Acquisitions I,* 314 Ga. App. 721, 723-724 (1) (725 SE2d 841) (2012); *The Village at Lake Lanier, LLC v. State Bank & Trust Co.*, 314 Ga. App. 498, 499-501 (1) (724 SE2d 806) (2012); *Gutherie v. Ford Equip. Leasing Co.,* 206 Ga. App. 258, 261 (2) (424 SE2d 889) (1992).

*Judgment affirmed. Phipps, C. J., and McMillian, J., concur*.