**THIRD DIVISION
DOYLE, P. J.,
REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**April 11, 2022**

# In the Court of Appeals of Georgia

A22A0286. THE COASTAL BANK v. RAWLINS et al.

PHIPPS, Senior Appellate Judge.

This is the third time this civil case has come before us. In *Coastal Bank v. Rawlins*, 335 Ga. App. XXX (Case No. A15A1951) (Feb. 12, 2016) (unpublished) ("*Rawlins I*"), we reversed the trial court's order denying summary judgment to defendant The Coastal Bank ("Coastal").[1] Coastal thereafter filed a motion for attorney fees and litigation expenses against plaintiffs Larry Rawlins, Jr., and Laura Lopez (the "Rawlinses"), under Georgia's offer of settlement statute, OCGA § 9-11-68, which the trial court denied. Coastal again appealed, and, in *Coastal Bank v. Rawlins*, 347 Ga. App. 847, 851 (1) (821 SE2d 89) (2018) ("*Rawlins II*"), we

---

[1] According to Coastal, it merged in 2014 with Ameris Bancorp, which is Coastal's successor-in-interest. For consistency, we continue to use Coastal's name, as the parties and trial court have done.

vacated the trial court's order and remanded for the court to apply the test enunciated in *Richardson v. Locklyn*, 339 Ga. App. 457, 460-461 (793 SE2d 640) (2016), for determining whether an offer of settlement was made in good faith. On remand, the trial court again denied Coastal's motion for OCGA § 9-11-68 attorney fees. Coastal again appeals, arguing that the trial court erred by basing its ruling on improper factors and by failing to properly apply the relevant factors. For the reasons that follow, we discern no reversible error and affirm.

We set forth the underlying facts in our opinion in *Rawlins II*:

> The record shows that Constance Ellis and the Rawlinses were beneficiaries of the estate of Willard Rawlins ("W. R."). After W. R.'s death, Ellis took blank checks that W. R. had pre-signed, filled in sums amounting to approximately $40,000, and cashed them on behalf of herself, her children, and her grandchildren. Coastal mistakenly honored these checks. The Rawlinses subsequently discovered Ellis's actions and filed a lawsuit against Ellis and Coastal in the Superior Court of Chatham County, Georgia, seeking damages.

> Coastal moved for summary judgment, arguing that the superior court lacked subject matter jurisdiction, the Rawlinses lacked standing to assert these claims, and they had suffered no damages. The case was eventually transferred to the Probate Court of Chatham County, after which Ellis evened up the distribution of estate assets by distributing an extra $40,000 to the Rawlinses, and the estate's executor determined

2

that any damages to the estate had been corrected. Coastal moved for summary judgment, again challenging the Rawlinses' standing and their claims for damages. The probate court denied Coastal's motion for summary judgment.

Counsel for Coastal then sent the Rawlinses an offer of settlement letter under OCGA § 9-11-68, which stated:

> This letter will constitute a written offer of settlement served pursuant to [OCGA] § 9-11-68. On behalf of [Coastal], I am authorized to offer payment of $3,000 to settle all of the claims that have been alleged, or that could have been alleged, in the [current] lawsuit. Conditions of this settlement offer are: (1) [the Rawlinses] and [Coastal] will enter into a written settlement agreement containing broad general mutual releases of all claims, including claims for compensatory damages, punitive damages and attorney[ ] fees and expenses as have been alleged by [the Rawlinses] and [Coastal], (2) [the Rawlinses] and [Coastal] will file a joint dismissal of this lawsuit in the Probate Court of Chatham County, with prejudice, and with each party to bear its own attorney[ ] fees and expenses, and (3) the amount of the settlement must remain confidential. This settlement offer includes $1 to settle any claim for punitive damages. This offer shall remain open for 30 days.

The Rawlinses did not accept Coastal's offer. The Rawlinses later settled with Ellis for two acres of property worth around $40,000 or

$50,000 and dismissed their claims against Ellis in probate court, with prejudice. The Rawlinses then dismissed their claims against Coastal without prejudice.

The Rawlinses later re-filed their lawsuit against Coastal in the State Court of Chatham County. Coastal moved for summary judgment, again arguing that the Rawlinses did not have standing in either their individual capacities or on behalf of W. R.'s estate to maintain an action against Coastal for mishandling W. R.'s checking account and that they had no damages because Ellis had evened up the estate distribution.

The trial court denied the motion for summary judgment and certified its order for immediate review. This Court reversed the trial court's decision [in *Rawlins I*]. After remittitur, the trial court entered final judgment in favor of Coastal. Coastal then filed a motion to recover attorney fees and expenses from the Rawlinses under OCGA § 9-11-68. The Rawlinses argued that fees and expenses should not be awarded because[, as relevant to the current appeal,] the settlement offer had not been made in good faith because the $3,000 offer to settle all claims was low compared to the alleged damages. Coastal argued that . . . the offer of $3,000 was reasonable because it believed that its arguments of no standing and no damages were strong, a belief borne out by Coastal's success on appeal.

*Rawlins II*, 347 Ga. App. at 848-849. After a hearing, the trial court denied Coastal's request for attorney fees on the ground that its offer had not been made in good faith. Id. at 849-850.

4

On appeal, we vacated the trial court's order, concluding that the court had failed to fully comply with the test enunciated in *Richardson*, 339 Ga. App. at 460-461, for determining whether an offer of settlement was made in good faith. *Rawlins II*, 347 Ga. App. at 850-851 (1). In particular, we highlighted that, while the trial court identified several objective factors on which it based its decision, it abused its discretion by failing to consider and weigh those factors "against Coastal's subjective belief in the strength of its no-standing defense." Id. at 851 (1). As a result, we remanded the case for the trial court to conduct a hearing, "consider whether Coastal had a subjectively reasonable belief on which to base its settlement offer," and apply the *Richardson* test. Id. at 848, 851 (1).

On remand, following a hearing, the trial court concluded that Coastal did not have a subjectively reasonable basis for its offer and again denied Coastal's motion for OCGA § 9-11-68 attorney fees and expenses. This appeal followed.

As relevant here, the offer of settlement statute provides:

If a defendant makes an offer of settlement which is rejected by the plaintiff, the defendant shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the defendant or on the defendant's behalf from the date of the rejection of the offer of settlement through the entry of judgment if the final judgment is one of

5

no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement.

OCGA § 9-11-68 (b) (1). "The clear purpose of OCGA § 9-11-68 is to encourage litigants in tort cases to make and accept good faith settlement proposals in order to avoid unnecessary litigation, thereby advancing this State's strong public policy of encouraging negotiations and settlements." *Rawlins II*, 347 Ga. App. at 850 (1) (citation and punctuation omitted). Once a prevailing party establishes that OCGA § 9-11-68 applies, the trial court "shall order the payment of attorney's fees and expenses of litigation." OCGA § 9-11-68 (d) (1); *Anglin v. Smith*, 358 Ga. App. 38, 39 (853 SE2d 142) (2020). "Such an award may be disallowed only where the trial court finds the settlement offer was not made in good faith." *Anglin*, 358 Ga. App. at 40; see OCGA § 9-11-68 (d) (2). And if the trial court so finds, "it must set forth the basis for its determination in a written order." *Richardson*, 339 Ga. App. at 462; see OCGA § 9-11-68 (d) (2); accord *Rawlins II*, 347 Ga. App. at 850 (1) ("If a party is entitled to recover attorney fees and expenses of litigation because the judgment meets the requirements of OCGA § 9-11-68 (b), the court may determine that a settlement offer was not made in good faith in an order setting forth the basis for such a determination. In such case, the court may disallow an award of attorney fees and

costs.") (citation and punctuation omitted); see also *Anglin*, 358 Ga. App. at 41 ("[W]here a trial court refuses to award fees to which a litigant is otherwise entitled, we have required the trial court to undertake the requisite analysis to show its decision was justified.").

In three enumerations of error, Coastal challenges the trial court's finding that its settlement offer was not made in good faith. The reasonableness of an offer to settle under OCGA § 9-11-68 "is a factual determination, based on the trial court's assessment of the case, the parties, the lawyers, and all of the other factors that go into such a determination, which the trial court has gathered during the progress of the case." *Great West Cas. Co. v. Bloomfield*, 313 Ga. App. 180, 183 (2) (721 SE2d 173) (2011).

> [D]etermining whether an offer was made in good faith rests on whether the offeror has a reasonable foundation on which to base the offer[,] and . . . so long as the offeror has a basis in known or reasonably believed fact to conclude that the offer is justifiable, the good faith requirement has been satisfied. Whether the offeror has a reasonable basis to support the offer is determined solely by the offeror's own subjective motivations and beliefs.

*Rawlins II*, 347 Ga. App. at 850-851 (1) (citations and punctuation omitted). Relevant evidence on the question of good faith includes: (i) whether the offer bore a

7

reasonable relationship to the amount of damages; (ii) whether the offer was premised on a realistic assessment of liability; and (iii) whether the offeror lacked intent to settle the claim. See *Richardson*, 339 Ga. App. at 460; accord *Rawlins II*, 347 Ga. App. at 851 (1); *Hillman v. Bord*, 347 Ga. App. 651, 655-656 (2) (820 SE2d 482) (2018) (physical precedent only). A trial court may not, however, base a ruling exclusively on these objective factors "but is instead required to consider the offeror's explanation and then determine whether, despite consideration of the objective factors[,] the offeror had a subjectively reasonable belief on which to base its offer." *Rawlins II*, 347 Ga. App. at 851 (1) (citation and punctuation omitted). The party against whom attorney fees are sought bears the burden of proving the absence of good faith. *Hillman*, 347 Ga. App. at 655 (2); see *Richardson*, 339 Ga. App. at 461-462.

We review for abuse of discretion a trial court's decision on whether a settlement offer under OCGA § 9-11-68 was made in good faith. *Great West Cas. Co.*, 313 Ga. App. at 181; accord *Rawlins II*, 347 Ga. App. at 848. A trial court abuses its discretion when it issues a ruling that is unsupported by any record evidence or misstates or misapplies the law. *Rawlins II*, 347 Ga. App. at 848; *Sanusi v. Community & Southern Bank*, 330 Ga. App. 198, 200 (3) (766 SE2d 815) (2014);

8

accord *Blue v. Hemmans*, 327 Ga. App. 353, 357-358 (1) (759 SE2d 72) (2014). Thus, if an appellant cannot show "either that the trial court's ruling was unsupported by any evidence of record or that its ruling misstated or misapplied the relevant law," we will not find that the trial court abused its discretion. *Sanusi*, 330 Ga. App. at 201 (3).

Here, the trial court concluded that Coastal lacked a subjectively reasonable belief for its offer based on several factors. First, Coastal's counsel admitted that its payment on the checks presented by Ellis after W. R.'s death was improper. Second, after Coastal discovered the error, its counsel sent Ellis a letter demanding repayment of the funds and highlighting that evidence adduced at her deposition indicated a "pattern of deception" in negotiating the checks. Third, after being sued, Coastal asserted a cross-claim against Ellis for the total amount of the checks plus seven percent interest and attorney fees. Fourth, the trial court found that there was no evidence that, when Coastal moved for summary judgment, it knew that W. R.'s estate would not pursue claims for the improperly negotiated checks. Fifth, Coastal's offer of settlement — made after the probate court denied its motion for summary judgment — would have required the Rawlinses to dismiss not only their claims against Coastal, but also their claims against Ellis, including claims for attorney fees

and punitive damages. Sixth, when Coastal submitted its offer of settlement, the probate court had only recently denied Coastal's motion for summary judgment. Finally, the trial court concluded that the probate court had the authority (during the proceedings before that court) to order the estate administrator — Richard Metz — to assign the estate's claims against Ellis and Coastal to the Rawlinses, which would have negated Coastal's standing defense.

1. On appeal, Coastal first contends that the trial court erred when it rejected the basis for Coastal's settlement offer — the Rawlinses' lack of standing — and instead improperly speculated that the Rawlinses could have obtained standing had the probate court ordered Metz to assign the estate claims to them. Coastal asserts that it premised its offer in part on Metz's decision not to pursue the Rawlinses' claims as claims of the estate. Coastal also argues that the trial court wrongfully relied on the probate court's erroneous denial of Coastal's summary judgment motion (which ultimately was reversed in *Rawlins I*).

The parties have not cited, and research has not revealed, any authority supporting Coastal's implicit assertion that the probate court lacked the authority to order Metz to assign the estate claims to the Rawlinses. However, we need not express any opinion on that proposition, as it suffices to say that — absent any such

10

authority — Coastal has not met its burden of showing an abuse of discretion in the trial court's conclusion to the contrary. See *Sanusi*, 330 Ga. App. at 201 (3); see also generally *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) ("It is [the appellant]'s burden, as the party challenging the ruling below, to affirmatively show error from the record on appeal."). In that vein, viewed through the lens of abuse-of-discretion review, the trial court was entitled to infer that Metz's decision not to pursue the Rawlinses' claims as claims of the estate supported its conclusion that the probate court could have ordered Metz to assign those claims to the Rawlinses precisely because Metz had no intention of pursuing those claims himself. And while Coastal is correct that the basis of its summary judgment motion — the Rawlinses' lack of standing — ultimately was found to be meritorious, at the time that it submitted its offer of settlement, the only ruling on that issue in this case was adverse to Coastal. Given the deferential standard of review, we cannot say that Coastal has met its appellate burden of showing that the trial court's reliance on these factors as a partial basis for its judgment is completely unsupported by any record evidence or clearly misstates or misapplies the law. See *Rawlins II*, 347 Ga. App. at 848; *Sanusi*, 330 Ga. App. at 200 (3); *Blue*, 327 Ga. App. at 357-358 (1); see also generally *Atlanta Bus. Video v. FanTrace, LLC*, 324 Ga. App. 559, 560 (751 SE2d 169) (2013)

11

("[W]e will not substitute our judgment for that of the trial court when there is no *obvious or apparent* abuse of discretion by the court in what clearly is a matter of discretion.") (citation and punctuation omitted); *Great West Cas. Co.*, 313 Ga. App. at 183 (2) (we may not substitute our judgment for the trial court's "when there is some support for the trial court's conclusion") (citation and punctuation omitted). Thus, even if this Court may have drawn different inferences from the facts, Coastal has not met its burden of showing a clear abuse of discretion in this regard. See *McDonald v. Garden Svcs.*, 163 Ga. App. 851, 852-853 (295 SE2d 551) (1982) (absent an abuse of discretion, this Court will not substitute its judgment for the trial court's, even if individual members of this Court may have reached a different conclusion).

2. Coastal further contends that the trial court erroneously based its ruling on an immaterial fact — namely, Ellis's decision to settle the claims against her by giving the Rawlinses land worth approximately $40,000-$50,000, see *Rawlins II*, 347 Ga. App. at 849, which occurred after Coastal made its settlement offer and thus was unknown to Coastal when it made the offer. See id. In the order on appeal, addressing Coastal's claim that Ellis "missed the importance of the standing defense," the trial court "[found] it probable that Ellis'[s] attorneys[ ] understood the fact that the

12

standing defense could disappear if the Probate Court so ordered." (Punctuation omitted.) More importantly, however, the trial court's order contains no indication that it in fact relied on Ellis's settlement as a basis for finding that Coastal did not have a subjectively reasonable basis for its offer.[2] This enumeration of error thus presents nothing for us to review.

3. Finally, Coastal contends that the trial court misapplied the objective factors set forth in *Richardson*, 339 Ga. App. at 460-461. As we explained in *Rawlins II*, those factors include: "(1) whether the offer bore no reasonable relationship to the amount of damages, (2) a realistic assessment of liability, [and] (3) [whether] the offeror lacked intent to settle the claim." 347 Ga. App. at 851 (1) (citing *Richardson*, 339 Ga. App. at 460). Coastal argues that the "amount of damages" and "realistic

---

[2] In its order, the trial court observed that

*the Plaintiffs argued that* the fact that the $3000 offer from [Coastal] would have required the [Rawlinses] to dismiss their claims against Ellis when the [Rawlinses] had a punitive damages claim and an attorney's fee claim against Ellis which they were able to settle for two acres of land worth at least $40,000.00, shows that [Coastal]'s belief regarding the strength of [its] lack of standing argument and lack of damages argument as *those arguments applied to Ellis* was completely unreasonable.

(First emphasis supplied.) We do not read this description of an argument raised by the Rawlinses as expressing any opinion on the merits of the argument.

13

assessment of liability" factors do not lend themselves to the particular factual and procedural scenario present here, as no liability or damages ever were established. In that regard, Coastal maintains that the Rawlinses have pointed to no evidence sufficient to satisfy their burden of showing that Coastal lacked a subjectively reasonable belief on which to base its settlement offer.

(a) We disagree with Coastal's claim that the *Richardson* factors may not be applied here. With respect to the first factor, Coastal's offer of $3,000 exceeded the zero damages awarded against it, but was well below the amounts paid by Ellis to settle the claims against her (which, importantly, Coastal also sought to settle via its $3,000 offer). As to the second factor, our ruling in *Rawlins I* that the Rawlinses did not have standing to litigate the estate's claims did not resolve the question of whether Coastal would have been liable to the Rawlinses had Metz assigned the estate claims to them. Cf. *Hillman*, 347 Ga. App. at 657 (2) (a) ("[A] party's reasonable and correct determination that its exposure is minimal, and its offer to settle the matter for a nominal value, does not require a finding that its offer was made in bad faith."); *Cohen v. Alfred & Adele Davis Academy*, 310 Ga. App. 761, 763 (1) (714 SE2d 350) (2011) (same). And the third factor — Coastal's intent to settle the claims against it — overlaps significantly with the question of whether it had a

14

subjectively reasonable belief on which to base its settlement offer and whether the trial court properly considered the relevant factors in making that determination, which we address below.

(b) We now turn to the question of whether the trial court failed to properly weigh Coastal's subjective belief in the strength of its defense against the *Richardson* factors. As stated above, the trial court identified multiple facts supporting its finding that Coastal lacked a subjectively reasonable belief on which to base its offer. And aside from the contentions disposed of in Divisions 1 and 2, Coastal does not argue that any of the trial court's remaining factual findings are unsupported by the evidence.

To the extent that Coastal's arguments on appeal may be read as challenging the inferences drawn by the trial court from its factual findings, any such claim is misplaced. As a court of review, we assess only whether some evidence supported the trial court's determinations; whether we may have reached different conclusions, faced with the same evidence, plays no part in our determination. See *Scott v. Scott*, 227 Ga. App. 346, 348 (1) (489 SE2d 117) (1997) (under the abuse-of-discretion standard of review, it is not our duty as an appellate court to re-weigh the evidence, even if we would have done so differently); see also *Williams v. State*, 328 Ga. App.

15

876, 880 (1) (763 SE2d 261) (2014) (a proper application of abuse-of-discretion review recognizes that there is a "range of possible conclusions the trial judge may reach" and that we often will affirm a trial court ruling under an abuse-of-discretion standard "even though we would have gone the other way had it been our call") (citation and punctuation omitted); accord *McDonald*, 163 Ga. App. at 852-853.

Deference to a trial court's discretion arises out of the recognition that "trial courts, unlike appellate courts, are familiar with a piece of litigation from its inception, hear first-hand the arguments of counsel, and consider disputed evidence within the context of an entire proceeding." *Great West Cas. Co.*, 313 Ga. App. at 183 (2) (citation and punctuation omitted). Thus, "on appeal, this court must not substitute its judgment for that exercised by the trial court when there is some support for the trial court's conclusion." Id. (citation and punctuation omitted). In that regard,

> a trial court's consideration of an offer of settlement is made within the context of an entire proceeding. In this case, while it is possible to quarrel with each element of the trial court's reasons for declining to award attorney fees to [Coastal], this Court cannot conclude that the trial court abused its discretion in deciding not to award attorney fees to [Coastal].

Id.

*Judgment affirmed. Doyle, P. J., and Reese, J., concur.*

16