**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J., and BOGGS, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 16, 2016**

# In the Court of Appeals of Georgia

A15A2254. YORK et al. v. RES-GA LJY, LLC.

PHIPPS, Presiding Judge.

RES-GA LJY, LLC ("RES-GA") sued Jim L. York and John A. Drillot (collectively, "the defendants") for amounts owed on several commercial guaranties. The trial court granted summary judgment to RES-GA, and the defendants appeal. For reasons that follow, we affirm.

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] We review the grant of summary judgment

---

[1] *Community & Southern Bank v. DCB Investments*, 328 Ga. App. 605 (760 SE2d 210) (2014) (punctuation and footnote omitted).

de novo, construing the evidence and all reasonable inferences in favor of the non-movant.[2]

So viewed, the record shows that at various points from 2005 to 2009, The Community Bank ("TCB") loaned money to several entities affiliated with the defendants ("the borrowers"). As security, the borrowers executed five promissory notes and granted TCB a security interest in real estate located in DeKalb County, Gwinnett County, and Paulding County. To further secure the loans, the defendants signed commercial guaranties, through which they "guarantee[d] full and punctual payment and satisfaction of the [i]ndebtedness." The promissory notes and guaranties were later assigned to RES-GA.

When the borrowers failed to pay off the loans, RES-GA foreclosed on and bought the properties serving as collateral. It then sought judicial confirmation that it had purchased the parcels at fair market value. Courts in the counties where the properties were located reviewed the sales, and each ultimately refused to confirm

---

[2] Id. at 605-606.

that RES-GA had paid fair market value. Two orders denying confirmation were appealed to this Court, and we affirmed.[3]

RES-GA subsequently sued the defendants as guarantors of the amounts still owed by the borrowers on the promissory notes. The defendants moved for summary judgment, arguing that because RES-GA failed to secure confirmation of the foreclosure sales, it could not recover a deficiency judgment. RES-GA responded with its own summary judgment motion. It agreed that it sought the deficiency between the unpaid principal indebtedness and the price it paid for the properties at foreclosure. But it claimed that the defendants had waived the confirmation requirement, permitting recovery. The trial court granted RES-GA's motion, and this appeal followed.

Pursuant to OCGA § 44-14-161 (a),

When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds . . . and at the sale the real estate does not bring the amount of the debt secured by the deed, . . . no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the

---

[3] See *RES-GA LJY v. South Crestview Drive*, 326 Ga. App. XXIII (A13A1810, decided March 10, 2014); *RES-GA LJY v. Y. D. I., Inc.*, 322 Ga. App. 607 (745 SE2d 820) (2013).

sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon.

Without dispute, RES-GA bought the properties at issue for less than the amounts owed. Although it sought confirmation of these sales, its efforts failed. RES-GA concedes, therefore, that OCGA § 44-14-161 (a) prevents it from pursuing the borrowers for any deficiency. It contends, however, that it can recover the deficiency from the defendants, who guaranteed payment under the promissory notes and waived, as part of the guaranties:

> any and all rights or defenses based on suretyship or impairment of collateral including, but not limited to, any rights or defenses arising by reason of (A) the provisions of O.C.G.A. Section 10-7-24 concerning Guarantor's right to require Lender to take action against Borrower or any "one action" or "anti-deficiency" law or any other law which may prevent Lender from bringing any action, including a claim for deficiency, against Guarantor, before or after Lender's commencement or completion of any foreclosure action, either judicially or by exercise of a power of sale . . . . or (F) any defenses given to guarantors at law or in equity other than actual payment and performance of the Indebtedness.

The trial court agreed with RES-GA, concluding that the defendants had waived the confirmation defense. We find no error. As our Supreme Court recently explained, compliance with OCGA § 44-14-161 (a) "is a condition precedent to the lender's ability to pursue a guarantor for a deficiency after a foreclosure has been conducted, but a guarantor retains the contractual ability to waive the condition precedent requirement."[4] The confirmation requirement, therefore, can be waived.[5] And pursuant to the guaranties, the defendants agreed to waive "any and all rights or defenses based on suretyship."

On appeal, the defendants argue that the guaranties "do not contain an express or clearly stated waiver of the confirmation requirement" because a defense arising out of OCGA § 44-14-161 (a) is not "based on suretyship." According to the defendants, a defense is "based on suretyship" only if it appears within the statutory provisions setting forth a surety's rights and obligations.[6] In their view, the

[4] *PNC Bank v. Smith*, ___ Ga. ___ (3) (S15Q1445, decided Feb. 22, 2016). See also *DCB Investments*, supra at 613-614 (2) (guarantor may waive confirmation requirement); *HWA Properties v. Community & Southern Bank*, 322 Ga. App. 877, 887-888 (2) (b) (746 SE2d 609) (2013) (same).

[5] *PNC Bank*, supra.

[6] See OCGA § 10-7-20 et seq.

confirmation requirement, which is part of the statutory framework governing foreclosures, rather than suretyship, falls outside the waiver.

We disagree. The defendants' guaranties are contracts of suretyship.[7] Such contracts must be strictly construed, and a "surety's liability will not be extended by implication or interpretation."[8] Ultimately, however, construction of a surety contract "is a question of law for the court based on the intent of the parties as set forth in the contract."[9] And nothing in the waiver's language indicates that the parties intended to limit its reach to any particular statutory defenses. By its plain terms, the phrase "defenses based on suretyship" means just that – defenses based on or arising out of a suretyship.[10]

---

[7] See OCGA § 10-7-1 ("The contract of suretyship or guaranty is one whereby a person obligates himself to pay the debt of another in consideration of a benefit flowing to the surety or in consideration of credit or indulgence or other benefit given to his principal."). See also OCGA § 11-1-201 (b) (39) (for purposes of the commercial code, the term "surety" includes "a guarantor or other secondary obligor").

[8] OCGA § 10-7-3.

[9] *Citrus Tower Boulevard Imaging Center v. David S. Owens, MD, PC*, 325 Ga. App. 1, 5 (1) (752 SE2d 74) (2013) (punctuation, footnote, and emphasis omitted).

[10] See id. at 8 (2) (a contract is not ambiguous – and must be enforced according to its plain terms – "where, examining the contract as a whole and affording the words used therein their plain and ordinary meaning, the contract is

The defendants claim that they are not liable to RES-GA because a lender must confirm a foreclosure sale before suing a guarantor for a deficiency. This confirmation defense depends upon the defendants' status as a surety or guarantor. By any reasonable interpretation, it is based on the suretyship and included within the waiver, which explicitly applies to defenses arising from laws that prevent a lender from pursuing a deficiency claim against a guarantor. To find otherwise would restrict the waiver beyond its plain meaning.[11] The trial court, therefore, properly granted summary judgment to RES-GA.[12]

*Judgment affirmed. Doyle, C. J., and Boggs, J., concur.*

---

capable of only one reasonable interpretation") (punctuation and footnote omitted).

[11] See *Dyson v. Washington Telephone Co.*, 157 Ga. 67, 83 (121 SE 105) (1923) (appellee's restrictive reading of contract unreasonable where nothing in contract language limited provision in manner advocated by appellee). See also *PNC Bank*, supra (permitting waiver of a confirmation defense "creates an appropriate balance between the statutory protections of the confirmation statute and the freedom of a guarantor to enter contracts deemed beneficial").

[12] See *DCB Investments*, supra (guarantors waived confirmation defense where, under guaranty, they were responsible for deficiency following foreclosure sale, regardless of whether borrower was discharged pursuant to statute or judicial decision).